**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**William ROSS, Defendant—Appellant.**

**No. 99–56537.
D.C. No. CV–99–00169–DT.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2002.

Decided April 12, 2002.

Before WARDLAW, and W. FLETCHER, Circuit Judges, and FOGEL,* District Judge.

* The Honorable Jeremy D. Fogel, United States   District Judge for the Northern District of

MEMORANDUM **

William Ross appeals the district court's denial of his 28 U.S.C. § 2255 habeas corpus petition challenging his conviction for aiding and abetting the mailing of an explosive device with the intent to kill or injure. Because the facts are known to the parties, we do not recite them here. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and for the reasons outlined below, we affirm.

I

Ross argues that the district court erred in rejecting his claim that governmental interference with a witness resulted in the denial of both his Sixth Amendment right to compulsory process and his Fifth Amendment right to due process. While there is some dispute as to whether this claim is properly before us, we need not address this question because, in any event, the claim fails on the merits.

Ross' argument involves allegations that (1) his trial counsel opted not to call an alleged co-conspirator who could have exculpated Ross, after being misled into believing that the witness would invoke his Fifth Amendment privilege against self-incrimination; (2) the government had an obligation to alert him to the fact that this witness was being represented by an attorney who had himself entered into a plea agreement with the government in another case and thus had a potential incentive to aid the government by advising the witness not to testify in Ross' behalf; and (3) the witness' unavailability to testify resulted in part from the witness' request to be transferred to a distant penitentiary after being denied a religious diet, and this deni-

al constituted bad faith that should be imputed to the prosecutors.

■ Our Fifth and Sixth Amendment case law does not support Ross' claim. While Ross correctly notes that courts have consistently "condemned government involvement in *securing* the unavailability of witnesses," that is not what happened here. At most, the government, in the words of Ross' brief, "played a role in [alleged co-conspirator Robert] Manning's failure to testify"; but that role was confined to its submitting to the court the statements of others and requesting that Manning be brought before the court so that his true intentions could be ascertained. The record is clear that Ross' trial attorneys short-circuited the hearing that the court was prepared to provide on the question of Manning's willingness to testify. Moreover, there were no false or misleading statements by the government— the rabbi who spoke with Manning had told the prosecution what the prosecution said he had told them, and Manning's attorney had told the prosecution what the prosecution said he had told them.

Ross argues that the government engaged in a less overt, but still impermissible, misrepresentation by failing to reveal that Manning's attorney had made a deal with Florida prosecutors that could have impinged on his ability to properly counsel Manning. But if Manning's declaration is to be believed, if the defense attorneys had agreed to have Manning brought before the court pursuant to the prosecution request, Manning would have both revealed this alleged conflict and declared his intention to testify for Ross. If the defense counsel's statement at the hearing is to be believed, counsel had in fact consulted with

California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Manning and determined not to call him. Either way, the role of the government was not one of "interfering" and surely not one of "securing" Manning's unavailability.

Ross suggests that neither the government's apparent lack of bad faith nor the tenuous causal link between the government's actions and the failure of the witness to testify is relevant to his Fifth and Sixth Amendment claims. We disagree. We have long held that only a "substantial governmental interference with a defense witness' free and unhampered choice to testify amounts to a violation of due process." *United States v. Vavages*, 151 F.3d 1185, 1188 (9th Cir.1998). Due process is not violated unless a material witness' unavailability is attributable to unilateral and overt government action. *United States v. Gonzales*, 617 F.2d 1358, 1363 (9th Cir. 1980); *United States v. Hernandez–Gonzalez*, 608 F.2d 1240, 1244 (9th Cir.1979). When the alleged causal link has been less than clear, this court has found that the government cannot be held responsible for a defendant's inability to secure the presence of a witness. *See, e.g., United States v. Layton*, 855 F.2d 1388, 1408 (9th Cir. 1988). We have likewise refused to find Sixth Amendment compulsory process rights infringed when the defendant, rather than the government, is the ultimate cause of the failure of the witness to testify. *See, e.g., Selam v. Warm Springs Tribal*, 134 F.3d 948, 952 (9th Cir.1998) ("Where the defendant himself knows that he may subpoena witnesses but elects not to, we have found no violation of the defendant's right to compulsory process.").

Ross' argument that the failure of the Bureau of Prisons to provide Manning with a religious diet constitutes bad faith that may be imputed to government prosecutors also hinges on a causal link that is tenuous at best. There is no evidence that any governmental agent withheld a kosher diet from Manning in an attempt to coerce him into leaving for Colorado and abandoning his plans to testify.

Finally, it bears emphasizing that the hearing at which defense counsel declared his intention not to call Manning was held in conjunction with Ross' second trial, which ended in a hung jury, and not in conjunction with the third trial, at which Ross was convicted. Ross provides no support for his blanket assertion that it was reasonable not to inquire further of Manning after the second trial. Moreover, by the time of the third trial, Manning's own appeal was pending, and it would have been surprising if Manning at that point had been willing to take responsibility for the crime and absolve Ross.

Because Ross cannot make out either a Fifth or a Sixth Amendment claim, we affirm the district court's denial of his § 2255 motion as to these allegations.

II

■ Ross' petition also alleged ineffective assistance of counsel arising out of his trial lawyer's failure to impeach government witness Steven Smason, who linked Ross to the alleged co-conspirator. He argues that any tactical decision to refrain from impeaching the witness was unreasonable. We disagree. The record supports the government's argument that the decision not to impeach Smason was well within the bounds of reasonable trial tactics. *See Strickland v. Washington*, 466 U.S. 668, 687–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Jackson v. Calderon*, 211 F.3d 1148, 1154 (9th Cir.2000). Portions of Smason's testimony supported the defense theory that it was Ross' son, and not Ross, who was responsible for the bombing. This testimony might reasonably have been viewed by defense counsel as justifying the preservation of Smason's credibility on the stand, particularly when

much of the damaging material in his direct could be minimized in cross-examination.

### III

The district court did not abuse its discretion in failing to hold an evidentiary hearing regarding the claims just discussed. While a hearing ordinarily is to be granted under § 2255, the section itself provides an exception for cases in which "the motion and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Where, as here, the allegations, even if true, do not state a claim for relief, a hearing is unnecessary. *Williams v. Calderon*, 52 F.3d 1465 (9th Cir.1995).

### IV

Finally, we deny both the Government's motion to expand the record and Ross' motion to expand the Certificate of Appealability (COA). The additional record development is unnecessary because Ross' Fifth and Sixth Amendment claims fail in any event. The expansion of the COA to include an additional claim of ineffective assistance of counsel on the part of Ross' appellate counsel is not appropriate here because, given the broad discretion afforded appellate counsel in selecting claims for appeal and the weakness of the particular claim, Ross is unable to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(3).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).